Mr. Flynn Good morning Judge Williams, Judge Syke, Judge Hamilton, may it please the court. This matter is here before you today on Mr. Quinonez-Barraza's appeal of the procedure utilized in his sentencing and he raised two principal sentencing arguments which he thoroughly explored in writing and one was a request for concurrent time because of the impact of the way the timing the case was charged and secondly that there was no empirical basis that the Sentencing Commission relied upon in determining this 16 level enhancement in cases of illegal reentry and that was actually probably the more significant of the two. It occupied most of the pages of the brief and went in to consider analysis of the history of the enhancement, pointed out that it was some three times, it increases the base statute for someone who is a felon in possession of a firearm with a prior controlled substance conviction similar to Mr. Barraza's, he'd only go up less than half, about six points and this is a 16 point which triples the base offense level and the Sentencing Commission has never justified the magnitude of that particular enhancement for a crime and we recognize that a controlled substance offense can be, can utilize violence and can give rise to violence but as in all convictions like this there's a continuum from the low end to the high end. In the Aguilar Huerta case which this court decided, Mr. Huerta was actually convicted of a drive-by shooting and being a member of a gang and it was a gang-related drive-by shooting which is incredibly violent and often does lead to deaths and other forms of violence. In Mr. Barraza's case, specific facts of his case, he very regrettably was convicted on these three occasions of a controlled substance offense but he continued to return to the country at a time when his children were minors, he worked as a concrete pourer in a marble factory despite his own impoverished upbringing in a home with no electricity or water. He was very supportive of his children and his grandchildren in their academic endeavors and had glowing letters talking about what a great father-grandfather he'd been. And where the procedural default came in this case is Judge Dara actually sort of embraced the argument. He said there was little, if any, empirical data to justify this. We cited the Galvez-Barrios case where it was suggested at least by a district court in Wisconsin that a single commissioner in one of the border states had raised the level, and they just pulled this number out of air it appears, and the Sentencing Commission has never justified why it is necessary to sentence someone who crosses a border. And again, all these, you have to look at the specific circumstances of the case as to why they crossed the border. But to a sentence that's three times higher when a gangland shooting and a felon, I'm sorry I misspoke, when a felon who has previously had a controlled substance violation and now possesses a gun and in that possession of the previous conviction, he's been involved in drive-by shootings, why it needs to be three times more instead of say 40% more which is the case, you know, there's absolutely no rationale or reasoning for this. This is a categorical attack on the guidelines enhancement, which the judge is entitled to reject pretty summarily and not even consider. Well, when the government advances that argument, Your Honor, they essentially say this argument can never be raised because it's always going to be categorical. We were tying it into the specific facts of the case. We are not, if you take that position, then well no, your argument is that anybody who gets this enhancement for a non-violent drug crime, which is to say everybody who's been convicted of a non-violent drug crime and commits this particular offense, this re-entry offense, is going to get the enhancement, right? No, that's not my argument at all. My argument is you have to look at the specific facts of each defendant and if a defendant, like Mr. Barrios, has mitigating facts and is not a member of a gang who's been involved in a drive-by shooting, it is distinct. And if you take the position that it's always just categorical, then you're precluding all the reasoning in Kimbrough, Gall, and Spears. No, what those cases do is give district judges discretion, right? That's correct, Your Honor. Here that you presented your argument, the district court didn't find it persuasive. So the problem we've got here is, as Judge Sykes pointed out, is this looks an awful lot like just a categorical challenge. You want to argue with the Sentencing Commission, you're free to do that. The district judge is free to disagree, but he doesn't have to engage in that debate if he doesn't want to. Well, I think the sentencing judge did start down that road and then there was disagreement about the undischarged portion, discharged portion of a concurrent sentence, which distracted, frankly, everybody. And he never specifically said, I'm rejecting that argument based on, for instance, the three previous convictions or other factors. In fact, he spoke somewhat highly. He was doing this balancing act, and it appears to me from a reading of the transcript, he just abandoned that line and focused more on the concurrent argument. I don't know, it seems to me he was doing a very thorough balancing act, looking at his criminal history, looking at what happened with the family. And as Judge I think the Supreme Court decision, most on point, perhaps, would be the Spears decision, that there should be a reasoned basis, so there's none of these unwarranted disparities, as to why he feels that way. He basically was saying there appears to be very little basis implied to the facts on this argument. We're not asking, and I know it's a burden on the court always to have a case sent back for resentencing, but we weren't asking for probation. We weren't asking, we were asking for 36 months, which we thought would most approximate what was appropriate in this case. And what we're asking is to be sent back for resentencing, so Judge Darragh could be more explicit as to why he's rejecting what he thought was a fact. But see, the court looked at, he said, yes it's true, there was no empirical support for it. But when he looked at the life of serious crime in the United States, I mean, three times, you know, he had a family. Judge Darragh, I thought, did a good job in balancing all the elements, really. Your Honor, I note that my light is on, but the court wants me to respond to that. You can respond, and then save the rest of your time. Thank you, I'd like to ask you something as well. Certainly. I think the government is asking this court to infer what Judge Darragh meant, and I understand, you know, this court wasn't there, frankly the prosecutor wasn't there, and Judge Darragh's response, yes, he read it, he read it as more about the magnitude of the enhancement, not so much whether or not, and that's what we're challenging, because what he said was, I agree that the low end of the guideline sentence is appropriate, but if the guideline is flawed, and he agrees with that, I think it isn't incumbent upon him to explain why he's, what about Mr. Quinones Barras was so significant that it required that much of an enhancement as opposed to a felon engaged in a only getting a 40% increase. Your Honor, I just wanted to make sure I've got the sequence straight here, that there was, he was, he had a drug conviction in 1989, correct, he's deported in 93, correct, re-enters, in essence committing the same crime again, the first time, 98 he gets another drug conviction, 2000 he's convicted again, 2000, and then 2011 gets his third drug offense, and that's roots to this charge, so he's been twice convicted and deported before, correct. Thank you. Thank you, Your Honor. All right. Ms. Ewen. May it please the Court, Minnie Ewen for the United States, the District Court to not commit a procedural error in sentencing Mr. Quinones Barras. It properly considered the 16-level enhancement argument in mitigation, agreeing in part with the defendant. However, the District Court determined that a 51-month sentence was proper in this case, given the history and the characteristics of this defendant and the deterrence issues at play, emphasizing that the defendant had on three occasions illegally re-entered the United States, on three occasions had been convicted of significant drug trafficking crimes, and had received significant sentences for those drug trafficking crimes that he committed in the United States after illegally re-entering the United States. The District Court addressed all the principal arguments put forth by the government and by the defendant, and properly reviewed the sentencing factors at play, and concluded that a Did the court really engage, though, with this challenge to the guidelines? The court started out by rehashing the points brought up by the defendant in his sentencing memorandum about the 16-level enhancement, and asked the government to respond to that. And there was a lengthy response by the government to which the court listened to and considered in that case, in addition to the defendant's oral arguments about the 16-level enhancement that he had argued in his sentencing memorandum. Did the district judge, in this case, do the kind of questioning that Dinelli and other cases authorized, in essence, asking at the end of the hearing, have I sufficiently addressed your arguments? I believe that the district court, at the end of, he, in this case, the district court actually did not ask the parties whether or not he had adequately summarized, I'm sorry, he adequately addressed the arguments. However, at the beginning of the hearing, after he summarized both parties' positions in the sentencing memorandum, asked if the parties agreed whether or not he had adequately summarized the positions of the parties. It's not quite the same thing. Not quite the same thing, indeed, yes. Okay. Unless there are any other questions from this panel, in closing, I would ask you to affirm the sentence below. And then just along those lines, and then the government didn't sort of raise this closure in terms of the sentencing, and say, Judge, you know, there's nothing else that we think you haven't covered, or we wondered if Defense you needed to cover. The government didn't suggest that the court make such a statement. At the end of the decision, the government did not bring that up. Thank you. Thank you. How much time? One minute. Thank you, Your Honors. Just briefly, the government glosses over, and I think, frankly, perhaps the sentencing judge did that the basis of the magnitude, based on the facts, the particular circumstances of Mr. Quinones's background was unwarranted. And what the judge did is figure that, and you can't realize that he thought a guideline would be appropriate, but that's all he said was he feels a guideline sentence is appropriate. If the guideline is flawed, and in our positions it is because of the magnitude, then it should be reset for him to clarify his position. Thank you. Thank you. Thank you to both counsel. We'll take the case under advisement. The next case, U.S. v. Johnson.